UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AMARTE USA HOLDINGS, INC., a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>MINI MANI MOO L.L.C., a Texas Limited Liability Company,<br><br>Defendant. | Case No.:<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Amarte USA Holdings, Inc. ("**Plaintiff**") brings this complaint against Defendant Mini Mani Moo L.L.C. ("**Defendant**") for injunctive relief and damages under the laws of the United States and the State of New York.

### NATURE OF THE ACTION

1. This is an action for violation of the Lanham Act, 15 U.S.C. §§ 1114(1), 1116(d), and 1125(a), violation of the New York statutory law for unfair competition, N.Y. Gen. Bus. Law § 349, *et seq.*, New York common law trademark infringement, and New York common law for passing off, unjust enrichment, and unfair competition.

### THE PARTIES

2. Plaintiff is a Delaware corporation with its headquarters in Redding, California.

3. On information and belief, Defendant is a Texas limited liability company with its principal place of business in New York and conducts business in and around New York, New York, and other locations within this district.

### JURISDICTION AND VENUE

4. This action arises under the trademark laws of the United States, 15 U.S.C. § 1051, *et seq.*, particularly under 15 U.S.C. §§ 1114, 1116(d), and 1125(a), as well as state unfair

competition law and the common law of trademark infringement, passing off, unjust enrichment, and unfair competition. This Court has jurisdiction over the federal claims under 28 U.S.C. §§ 1331 and 1338, and 15 U.S.C. §§ 1116, 1121, and 1125. This Court has supplemental jurisdiction over the state law claims under 28 U.S.C. §§ 1367(a) and 1338(b), those claims being joined with a substantial and related claim under the trademark laws of the United States are closely related to the federal claims such that they form part of the same case or controversy and derive from a common nucleus of operative facts.

5. This Court has personal jurisdiction over Defendant because, on information and belief, Defendant has directed tortious acts at Plaintiff in this judicial district and has committed tortious acts that Defendant knew or should have known would cause injury to Plaintiff in this judicial district. Defendant actively advertises, markets, distributes, and sells goods in the State of New York, and in this judicial district, that bear the infringing trademark at issue in this case. Further, as detailed below, Defendant actively advertises, markets, distributes, and sells goods through its interactive commercial website that is accessible from and directed to consumers from this judicial district, and on information and belief, Defendant's website has been accessed and Defendant's goods have been purchased by consumers residing or located in this judicial district.

6. Further, this Court has personal jurisdiction over Defendant because Defendant conducts continuous and systematic business in New York and in this judicial district, and on information and belief, has offices in New York and in this judicial district, and/or operates a commercial and interactive website purposedly directed and expressly aimed at New York residents, derived commercial benefits from the advertisement, marketing, distribution, and sale of the infringing goods in New York and this judicial district, and knowingly caused the injuries set forth herein to Plaintiff in New York and in this judicial district.

7. This Court has personal jurisdiction over Defendant because Defendant has a

principal place of business within this district and purposefully directed and expressly aimed its tortious activities at the state of New York and this judicial district and established sufficient minimum contacts by advertising, marketing, distributing, and selling the infringing goods bearing the infringing trademark at issue to residents in New York and this judicial district as a regular course of business through its commercial and interactive website and social media pages, and causing the infringing goods to be delivered to residents in New York and this judicial district, knowing such actions would cause harm to Plaintiff and all of which have caused injury to Plaintiff within New York and this judicial district. Among other things, Defendant's infringing product that bears the infringing trademark at issue depicts "NY, NY 10024" as the origination location of the infringing product and Defendant's Facebook page lists its address/location as "New York, NY, United States, 10024". Further, Defendant filed a trademark application with the USPTO claiming its address is 163 W. 80th Street, Apt. 3, New York, New York 10024 (App. No. 97358419).

8. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b) because a substantial part of the events and/or omissions giving rise to the claims occurred in this judicial district and Defendant is otherwise subject to the Court's personal jurisdiction with respect to this action.

## FACTUAL ALLEGATIONS

### Plaintiff's Trademark Rights

9. For more than a decade, Plaintiff has manufactured, advertised, marketed, promoted, distributed, sold, and otherwise offered high-end skin care and cosmetic products bearing its WONDER CREAM® trademark ("**Plaintiff's WONDER CREAM Trademark**"). Plaintiff is the owner of valuable trademark rights in the aforementioned skin care and cosmetic products, namely, a topical skin moisturizer for reducing wrinkles, anti-aging, enhancing radiance,

3

and protecting and rejuvenating skin. ("**Plaintiff's Goods**").

10. Plaintiff is an industry leader in providing consumers with the most effective, high-quality skin care and cosmetic formulations and its goods are recognized and sold throughout the United States and the world.

11. For over a decade, Plaintiff has substantially exclusively and continuously used and promoted Plaintiff's WONDER CREAM Trademark in connection with Plaintiff's Goods, including on its website www.wondercream.com and on its Amazon online retailer store https://www.amazon.com/stores/page/4DEE3261-0DC6-432D-B761-A1ACE982FBBB, which has resulted in strong consumer recognition and great success.

12. As a result of Plaintiff's substantially exclusive and continuous use and promotion of Plaintiff's WONDER CREAM Trademark, Plaintiff owns extremely valuable goodwill in Plaintiff's WONDER CREAM Trademark. The purchasing public has therefore come to associate Plaintiff's WONDER CREAM Trademark with Plaintiff.

13. In addition to Plaintiff's common law rights in Plaintiff's WONDER CREAM Trademark, Plaintiff owns the following incontestable registration on the Principal Register of the United States Patent and Trademark Office ("**USPTO**"):

| Mark Information | Goods |
|---|---|
| WONDER CREAM<br>Filing Date: July 31, 2007<br>Reg. Date: April 21, 2009<br>Reg. No.: 3609465 | Class 03: Cosmetics; skin care products, namely, skin creams and anti-aging creams for topical application |

**Defendant's Business and Infringing Acts**

14. Defendant advertises, markets, promotes, distributes, sells, and otherwise offers, a skin care and cosmetic product under the identical WONDER CREAM trademark ("**Infringing Mark**"). Defendant's marketing and packaging often strongly emphasizes the Infringing Mark by

font size, font color, and location as depicted below:







15. Defendant uses the Infringing Mark in connection with the advertising, marketing, promoting, selling, and/or offering for sale of a topical skin moisturizer for anti-aging, wrinkle prevention, and smoothing skin ("**Infringing Goods**").

16. Defendant is using, and has used in the past, the Infringing Mark in connection with Defendant's advertising, marketing, promotion, selling, and/or offering for sale the Infringing Goods on https://minimanimoo.com/ ("**Defendant's Website**"), on its social media platforms, and

5

elsewhere—including but not limited to third-party online retail stores that ship the Infringing Goods bearing the Infringing Mark to consumers located in New York, including consumers located in this judicial district.

17. On information and belief, Defendant owns, operates, and controls the cosmetic brand Toro Cosmeceuticals. Specifically, Defendant's Toro Cosmeceuticals brand advertises, markets, promotes, sells, and/or offers for sale the Infringing Goods and Services under the Infringing Mark, as evidenced on the Toro Cosmeceuticals Facebook account, Instagram account, website, and other forms of media:

(https://pasteurpharmacy.com/products/toro-wonder-cream-face-moisturizer)



(Facebook)



6

(https://www.instagram.com/p/CxOTXkxoOho/)



18. Defendant's Website claims that it owns, operates, and controls the cosmetic brand Toro Cosmeceuticals.

19. On information and belief, Defendant is the manufacturer and distributor of the Infringing Goods used in connection with the Infringing Mark. On information and belief, Defendant sells, advertises, markets, and promotes the Infringing Mark in connection with the Infringing Goods on its website, Toro Cosmeceuticals social media platforms, and in retail stores nationwide, including in retail stores in this judicial district.

20. On information and belief, Defendant claims title and rights to the Infringing Mark.

21. As a direct competitor of Plaintiff, Defendant used and is using the Infringing Mark in connection with the promotion, distribution, marketing, and sale of the Infringing Goods to the same consumers and in overlapping channels of trade in the United States.

22. Defendant's use of the Infringing Mark commenced several years after Plaintiff began use of Plaintiff's WONDER CREAM Trademark and the USPTO issued its trademark registration. Therefore, Plaintiff enjoys senior trademark rights that have priority over the

Infringing Mark.

23. Defendant's use of the Infringing Mark is a willful and intentional attempt to trade on the goodwill and commercial success that Plaintiff has built up in Plaintiff's WONDER CREAM Trademark and to free ride on Plaintiff's success as a preeminent and well-known manufacturer, distributor, advertiser, marketer, and developer of skin care and cosmetic products.

24. Defendant's use of the identical Infringing Mark in connection with highly similar topical skin care products is likely to cause confusion before, during, and after the time of purchase because consumers, prospective consumers, and others viewing Defendant's Infringing Goods at the point of sale or any point in the stream of commerce are likely to confuse Plaintiff's WONDER CREAM Trademark and the Infringing Mark with respect to source, association, affiliation, and sponsorship.

25. By causing a likelihood of confusion, mistake, and deception, Defendant is inflicting irreparable harm on the goodwill symbolized by Plaintiff's WONDER CREAM Trademark and the reputation for quality that it embodies.

26. On information and belief, and based on the business acumen and sophistication of Defendant, Defendant was aware of Plaintiff's WONDER CREAM Trademark, but nevertheless willfully and intentionally adopted and used the Infringing Mark.

27. Thus, Defendant knowingly, willfully, intentionally, and maliciously adopted and used the identical imitation of Plaintiff's WONDER CREAM Trademark.

**Defendant's Contacts Within This Judicial District**

28. The Defendant's contacts within this judicial district are numerous and substantial. Defendant's trademark filings are made with a New York, New York Address. Further, on information and belief, Defendant and/or its officers, sales representatives, and/or agents routinely conduct business within this judicial district, including but not limited to the marketing,

advertising, promotion, distribution, and sale of Infringing Goods bearing the Infringing Mark.

29. Defendant markets, advertises, promotes, distributes, and sells the Infringing Goods bearing the Infringing Mark from its principal place of business located in New York, New York 10024 as depicted on the product packaging for the Infringing Goods bearing the Infringing Mark. *See supra* ¶ 14.

30. On information and belief, Defendant targets consumers throughout the United States, including consumers in this judicial district. Defendant operates Defendant's Website where consumers in this judicial district can access, view, select, read about, purchase, and ship Infringing Goods bearing the Infringing Mark throughout the United States, including to consumers in this judicial district.

31. On information and belief, Defendant distributes Infringing Goods bearing the Infringing Mark to third-party retail stores throughout the United States, including to third-party retail stores in this judicial district.

32. On information and belief, consumers in this judicial district have purchased, owned, and/or used Defendant's Infringing Goods bearing the Infringing Mark.

33. On information and belief, Defendant's Website is not passive, but instead allows users nationwide and within this judicial district to purchase the Infringing Goods bearing the Infringing Mark.

34. All of Plaintiff's allegations on information and belief will have evidentiary support after reasonable opportunity for further investigation or discovery.

## FIRST CAUSE OF ACTION
### (Federal Trademark Infringement – 15 U.S.C. § 1114(1))

35. Plaintiff repeats, realleges, and incorporates all Paragraphs above as though fully set forth in this cause of action.

36. Plaintiff owns the incontestable USPTO Registration No. 3,609,465 in Class 3. A

9

true and correct copy of this registration is attached as Exhibit A ("**WONDER CREAM Registration**").

37. Prior to any use in commerce by Defendant of the Infringing Mark, Plaintiff's WONDER CREAM Trademark was registered with the USPTO, incontestable, and in use by Plaintiff.

38. Defendant's use in commerce of the Infringing Mark in connection with Defendant's Infringing Goods constitutes trademark infringement of Plaintiff's rights in its WONDER CREAM Registration pursuant to 15 U.S.C. § 1114(1).

39. The Infringing Mark is identical or substantially similar to Plaintiff's WONDER CREAM Trademark. Defendant's Infringing Goods are substantially similar, and/or highly related to the goods set forth in Plaintiff's WONDER CREAM Registration.

40. Defendant's use in commerce of the Infringing Mark in connection with Defendant's Infringing Goods is likely to cause confusion or mistake, or to deceive consumers of Defendant's Infringing Goods and Plaintiff's Goods to erroneously believe that Defendant's Infringing Goods originate from the same source as Plaintiff's Goods, or are otherwise affiliated, connected, or associated with Plaintiff, or sponsored or approved by Plaintiff, when in fact they are not.

41. On information and belief, Defendant knowingly, willfully, and intentionally infringed Plaintiff's trademark rights by deliberately exploiting the substantial goodwill associated with Plaintiff's WONDER CREAM Registration.

42. On information and belief, Defendants selected the Infringing Mark with the willful intent to cause consumer confusion and to deceive consumers into believing that Defendant's Infringing Goods are actually Plaintiff's Goods or are associated therewith.

43. Plaintiff has no adequate remedy at law. Defendant's conduct as alleged herein has

caused and will continue to cause irreparable harm to Plaintiff's rights in Plaintiff's WONDER CREAM Trademark and its WONDER CREAM Registration, and to its business reputation and goodwill, as well as damages in an amount that cannot be accurately computed at this time but will be proven at trial.

**SECOND CAUSE OF ACTION**
**(Federal Counterfeiting – 15 U.S.C. §§ 1114(1) and 1116(d))**

44. Plaintiff repeats, realleges, and incorporates all Paragraphs above as though fully set forth in this cause of action.

45. Plaintiff's WONDER CREAM Trademark is registered on the Principal Register under United States Registration No. 3,609,465 for cosmetics; skin care products, namely, skin creams and anti-aging creams for topical application.

46. Defendant has engaged in the unlawful counterfeiting practices in violation of 15 U.S.C. §§ 1114(1) and 1116(d) because Defendant's use of the spurious Infringing Mark in connection with the Infringing Goods is identical and/or substantially indistinguishable from Plaintiff's WONDER CREAM Trademark and is used in connection with the same goods offered in connection with Plaintiff's WONDER CREAM Trademark.

47. Defendant has knowingly and intentionally used the spurious Infringing Mark to designate goods that are not genuine Plaintiff's Goods. Defendant's use of the spurious Infringing Mark that is identical and/or substantially indistinguishable from Plaintiff's WONDER CREAM Trademark causes confusion, mistake, or deception as to the source of origin of the Infringing Goods offered by or sold by Defendant in connection with the spurious Infringing Mark as being Plaintiff's Goods offered and sold by Plaintiff.

48. As a direct and proximate result of Defendant's counterfeiting activities, Plaintiff has suffered irreparable harm and damages to its valuable WONDER CREAM Registration and WONDER CREAM Trademark, and damage to its reputation and goodwill, to which there is no

adequate remedy at law. This irreparable harm will continue unless Defendant's counterfeiting activities and conduct are stopped.

49. Plaintiff is entitled to injunctive relief against Defendant pursuant to U.S.C. § 1116(d), an order to promptly stop Defendant from offering and selling all counterfeit products, as well as monetary relief and other remedies available under the Lanham Act, including, but not limited to, treble damages and/or profits, statutory damages, reasonable attorneys' fees, costs, and prejudgment interest under 15 U.S.C. §§ 1117(a), (b), and/or (c).

<b><u>THIRD CAUSE OF ACTION</u></b><br>(Federal Unfair Competition – 15 U.S.C. § 1125(a))

50. Plaintiff repeats, realleges, and incorporates all Paragraphs above as though fully set forth in this cause of action.

51. Plaintiff owns common law rights in Plaintiff's WONDER CREAM Trademark in connection with Plaintiff's Goods. In addition, Plaintiff's WONDER CREAM Trademark has acquired distinctiveness in connection with Plaintiff's Goods as an indicator of source prior to Defendant's use of the Infringing Mark in connection with Defendant's Infringing Goods. At all times relevant to this lawsuit, consumers in the cosmetic and skin care industry have associated Plaintiff's WONDER CREAM Trademark with Plaintiff and its reputation for creating high-quality skin care products.

52. Defendant's use in commerce of the Infringing Mark in connection with Defendant's Infringing Goods constitutes trademark infringement of Plaintiff's rights in Plaintiff's WONDER CREAM Trademark and unfair competition pursuant to 15 U.S.C. § 1125(a).

53. The Infringing Mark is identical to Plaintiff's WONDER CREAM Trademark. Defendant's Infringing Goods are substantially similar, and/or related to Plaintiff's Goods.

54. Defendant's use in commerce of the Infringing Mark used in connection with Defendant's Infringing Goods is likely to cause confusion or mistake, or to deceive consumers of

Defendant's Infringing Goods and Plaintiff's Goods to erroneously believe that Defendant's Infringing Goods originate from the same source as Plaintiff's Goods, or are otherwise affiliated, connected, or associated with Plaintiff, or sponsored or approved by Plaintiff, when in fact they are not.

55. On information and belief, Defendants have knowingly, willfully, and intentionally infringed Plaintiff's trademark rights by deliberately exploiting the substantial goodwill associated with Plaintiff's WONDER CREAM Trademark.

56. On information and belief, Defendant selected the Infringing Mark with the willful intent to cause confusion and to deceive consumers into believing that Defendant's Infringing Goods are actually Plaintiff's Goods or associated therewith.

57. Plaintiff has no adequate remedy at law. Defendant's conduct as alleged herein has caused and will continue to cause irreparable harm to Plaintiff's rights in Plaintiff's WONDER CREAM Trademark and its WONDER CREAM registration, and to its business reputation and goodwill, as well as damages in an amount that cannot be accurately computed at this time but will be proven at trial.

**FOURTH CAUSE OF ACTION**
**(New York Statutory Unfair Competition – N.Y. Gen. Bus. Law § 349, *et seq*.)**

58. Plaintiff repeats, realleges, and incorporates all Paragraphs above as though fully set forth in this cause of action.

59. Defendant has acted out of a dishonest purpose and is making unauthorized commercial uses of the Infringing Mark in a deliberate, willful, intentional, and wrongful attempt to trade on Plaintiff's goodwill, reputation, and financial investments in Plaintiff's WONDER CREAM Trademark.

60. By reason of Defendant's bad faith conduct as alleged herein, Defendant has engaged in unlawful, unfair, and/or fraudulent ongoing business practices in violation of N.Y. Gen.

Bus. Law § 349, *et seq*.

61. As a direct result of Defendant's unfair competition with regard to the Infringing Mark, Defendant has unlawfully acquired, and continue to acquire on an ongoing basis, an unfair competitive advantage and has engaged in, and continues to engage in, wrongful business conduct to Defendant's monetary advantage and to the detriment of Plaintiff.

62. On information and belief, Defendant's conduct as alleged herein has been undertaken willfully, intentionally, and maliciously, and with full knowledge and in conscious disregard of Plaintiff's rights.

63. Defendant's illegal and unfair business practices are continuing, and injunctive relief and civil penalty pursuant to N.Y. Gen. Bus. Law § 349 *et seq*. is necessary to prevent and restrain further violations by Defendant.

64. This Court has jurisdiction over the subject matter of this claim pursuant to the provisions of 28 U.S.C. § 1338(b), this being a claim of unfair competition joined with a substantial and related claim under the Trademark Laws of the United States, and under 28 U.S.C. § 1367.

**FIFTH CAUSE OF ACTION**
**(New York Common Law Trademark Infringement)**

65. Plaintiff repeats, realleges, and incorporates all Paragraphs above as though fully set forth in this cause of action.

66. Plaintiff's WONDER CREAM Trademark is a valid and subsisting trademark under New York common law.

67. Plaintiff's use of Plaintiff's WONDER CREAM Trademark is senior to Defendant's use of the Infringing Mark.

68. Defendant's continued and unauthorized use of the Infringing Mark constitutes trademark infringement under New York common law and is likely to cause confusion, deception, and mistake among the consuming public as to the source of, and authorization for, Defendant's

Infringing Goods sold and/or advertised by Defendant in violation of the common law of the State of New York.

69. Irreparable harm to Plaintiff is imminent as a result of Defendant's conduct, and Plaintiff is without an adequate remedy at law. Plaintiff is thus entitled to an injunction restraining Defendant, its officers, directors, agents, employees, representatives, and all other persons acting in concert with them, from engaging in further such infringing acts.

70. On information and belief, Defendant's conduct as alleged herein has been undertaken knowingly, willfully, and maliciously, and with full knowledge and in conscious disregard of Plaintiff's rights.

71. As a result of Defendant's infringement, Plaintiff has sustained and continues to sustain damages in an amount to be determined at trial, plus interest, costs, and attorneys' fees.

72. As a result of Defendant's infringement, the public has been harmed.

73. This Court has jurisdiction over the subject matter of this claim pursuant to the provisions of 28 U.S.C. § 1338(b), this being a claim of infringement joined with a substantial and related claim under the Trademark Laws of the United States, and under 28 U.S.C. § 1367.

## SIXTH CAUSE OF ACTION
**(New York Common Law Passing Off, Unfair Competition, and Unjust Enrichment)**

74. Plaintiff repeats, realleges, and incorporates all Paragraphs above as though fully set forth in this cause of action.

75. By virtue of Defendant's conduct as alleged herein, Defendant's actions constitute passing off and unfair competition under the common law of the State of New York.

76. As a direct and proximate result of the foregoing, Defendants have been unjustly enriched at the expense of Plaintiff.

77. As well as harming the public, Defendant's conduct as alleged herein has caused and will continue to cause Plaintiff irreparable harm for which there is no adequate remedy at law

and is also causing damage to Plaintiff in an amount which cannot be accurately computed at this time but will be proven at trial.

78. Defendant's actions were undertaken intentionally to obtain an unfair advantage over Plaintiff and in conscious disregard of Plaintiff's rights, and were malicious, oppressive, and/or fraudulent.

79. Plaintiff requests punitive or exemplary damages pursuant to New York Civil Code § 3294(a) in an amount sufficient to punish and deter Defendant and to make an example of Defendant.

80. This Court has jurisdiction over the subject matter of this claim pursuant to the provisions of 28 U.S.C. § 1338(b), this being a claim of passing off and unfair competition joined with a substantial and related claim under the Trademark Laws of the United States, and under 28 U.S.C. § 1367.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for judgment as follows:

A. That the Court enter a finding that any use of Defendant's Infringing Mark in connection with its Infringing Goods infringes Plaintiff's rights in its WONDER CREAM Registration and Plaintiff's WONDER CREAM Trademark;

B. That the Court enter a finding that Defendant's use of the Infringing Mark in connection with the Infringing Goods constitutes counterfeit infringement of Plaintiff's rights in its WONDER CREAM Registration and Plaintiff's WONDER CREAM Trademark;

C. That the Court enter a preliminary injunction and a permanent injunction prohibiting Defendant, as well as its officers, directors, predecessors, successors, agents, employees, representatives, and all persons, corporations, or other entities acting in concert or participation with Defendant from:

    i.    Using Defendant's Infringing Mark in connection with any of Defendant's products including Defendant's Infringing Goods and Plaintiff's Goods in New York and throughout the United States;

    ii.    Infringing any of Plaintiff's intellectual property rights in Plaintiff's WONDER CREAM Trademark;

    iii.    Infringing any of Plaintiff's intellectual property rights in its WONDER CREAM Registration;

    iv.    Engaging in any conduct that tends falsely to represent that, or is likely to confuse, mislead, or deceive members of the public to believe that the actions of Defendant or any of its officers, directors, predecessors, successors, agents, employees, representatives, and all persons, corporations, or other entities acting in concert or participation with Defendant are sponsored, approved, or licensed by Plaintiff, or are in any way connected or affiliated with Plaintiff;

    v.    Affixing, applying, annexing, or using in connection with the manufacture, distribution, advertising, sale, and/or offering for sale or other use of any goods or services, a false description or representation, including words or other symbols, tending to falsely describe or represent such goods or services as being those of Plaintiff, including without limitation Plaintiff's WONDER CREAM Trademark;

    vi.    Otherwise competing unfairly with Plaintiff in any manner; and

    vii.    Effecting assignments or transfers, forming new entities or associations, or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in subparagraphs (i)-(vi) above.

    D.    That the Court enter a finding that Defendant's actions were willful, intentional, deliberate, and malicious;

E.  That the Court require Defendant to immediately supply Plaintiff's counsel with a complete list of individuals and entities from whom or which it purchased, and to whom or which it sold, offered for sale, distributed, advertised, or promoted, infringing products as alleged in this Complaint;

F.  That the Court require Defendant to immediately deliver to Plaintiff's counsel its entire inventory of infringing products, including without limitation, skin care products, cosmetics, packaging, labeling, advertising and promotional material, and all formulas, formulations, plates, patterns, molds, and other material and information for manufacturing, producing or printing such items, that are in its possession or subject to its control that infringe Plaintiff's WONDER CREAM Trademark;

G.  That the Court require Defendant, withing thirty (30) days after service of the judgment demanded herein, to file with this Court and serve upon Plaintiff's counsel a written report under oath setting forth in detail the manner in which it has complied with the judgment;

H.  That the Court award Plaintiff damages in accordance with applicable law, including without limitation three times the amount of any and all profits realized by Defendant from the use of the Defendant's Infringing Mark in accordance with 15 U.S.C. § 1117(a), plus prejudgment interest;

I.  That the Court award Plaintiff damages in accordance with applicable law, including without limitation statutory damages as a result of Defendant's counterfeiting conduct and activities as alleged herein in accordance with 15 U.S.C. § 1117(c), plus prejudgment interest;

J.  That the Court award Plaintiff punitive damages in an amount sufficient to punish and deter Defendant;

K.  That the Court find that this is an exceptional case and award Plaintiff its reasonable attorneys' fees and costs of suit pursuant to 15 U.S.C. § 1117(a) and/or New York law;

L. That the Court order an accounting of and impose a constructive trust on all of Defendant's funds and assets that arise out of its infringing activities;

M. That the Court retain jurisdiction of this action for the purpose of enabling Plaintiff to apply to the Court at any time for such further orders and interpretation or execution of any order entered in this action, for the modification of any such order, for the enforcement or compliance therewith, and for the punishment of any violations thereof; and

N. For such other and further relief as the Court may deem just and equitable.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38, Plaintiff hereby demands a trial by jury.

DATED: May 7, 2024                    Respectfully submitted,

**LIPPES MATHIAS LLP**
/s/ Tony V. Pezzano
Tony V. Pezzano, Esq.
Scott E. Thompson, Esq.
420 Lexington Avenue, Ste. 2005
New York, NY 10170
T: (332) 345-4500
F: (518) 462-5260
E: tpezzano@lippes.com
E: sthompson@lippes.com

**IPLA, LLP**
Benjamin S. White, Esq. (*pro hac vice* forthcoming)
4445 Eastgate Mall, Suite 200
San Diego, California 92101
T: (858) 272-0220
F: (858) 272-0221
E: bwhite@ipla.com

*Attorneys for Plaintiff Amarte USA Holdings, Inc.*